**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JAVIER MARTINEZ-RIVAS, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.   22-955 <br><br> Agency No. <br> A205-316-096 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023[**]

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Javier Martinez-Rivas, a native and citizen of Mexico, petitions for review

of a Board of Immigration Appeals ("BIA") decision affirming an Immigration

Judge ("IJ")'s decision denying asylum, withholding of removal, protection under

the Convention Against Torture ("CAT"), and cancellation of removal.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 8 U.S.C. § 1252.  Where, as here, the BIA issues its own opinion, "[w]e review only the BIA's decision, except to the extent that it expressly adopts the IJ's opinion."  *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012).  We review the BIA's factual findings regarding asylum, withholding of removal, and CAT protection for substantial evidence, affirming "unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1194, 1198, 1201 (9th Cir. 2023) (citation omitted).  Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.  We deny in part and dismiss in part the petition for review.

1.  We deny the petition as to Martinez-Rivas's asylum claim because he did not challenge the IJ's denial of asylum before the BIA.  In his petition for review, Martinez-Rivas does not challenge the BIA's determination that he waived his asylum claim by failing to preserve it before the BIA.  The BIA thus properly dismissed Rodriguez Jimenez's asylum claim as waived.  *Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996).

2.  As to withholding of removal, substantial evidence supports the BIA's determination that Martinez-Rivas did not establish a "clear probability of persecution" based on his relationship to his brother.  *Aden v. Wilkinson*, 989 F.3d

2

1073, 1085–86 (9th Cir. 2021) (quoting *Korablina v. I.N.S.*, 158 F.3d 1038, 1045 (9th Cir. 1998)). Martinez-Rivas has not challenged the IJ's finding that his testimony about why he feared to return to Mexico was not credible, so he must rely on documentary evidence in the record. The IJ did find credible that Martinez-Rivas's brother, Alejandro, was a federal drug enforcement officer in Mexico, and the BIA recognized that, based on his occupation, Alejandro faced violence and threats to himself and his family in Mexico. The BIA also recognized that letters from another brother, Gerardo, and Martinez-Rivas's mother indicated that Gerardo fears retaliation based on Alejandro's occupation and that both Gerardo and their motion have been victims of general crime in Mexico. But, as the BIA noted, the letters do not indicate that any family members have been harmed as a result of Alejandro's occupation, *see Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022), and reports of violence against law enforcement do not supply evidence of an individualized risk that Martinez-Rivas would be harmed in Mexico, *see Sarkar v. Garland*, 39 F.4th 611, 622–23 (9th Cir. 2022). Accordingly, substantial evidence supports the BIA's determination that Martinez-Rivas did not establish a clear probability of persecution based on his relationship to his brother, and we deny this part of the petition.

   3. Substantial evidence supports the BIA's determination that Martinez-

Rivas did not qualify for CAT protection. As discussed above, Martinez-Rivas must rely on the documentary evidence in the record, and the BIA properly determined that the letters from his mother and Gerardo and the reports of violence against law enforcement do not prove it is more likely than not that Martinez-Rivas will be individually targeted for torture if he returns to Mexico. *See, e.g., Ruiz-Colmenares*, 25 F.4th at 751 (denying review where petitioner "offered no evidence showing he faces any particularized risk of torture"). We therefore deny this part of the petition.

4. Martinez-Rivas challenges the IJ's determination that he is ineligible for cancellation of removal because he failed to demonstrate that removal would result in an exceptional and extremely unusual hardship to his United States-citizen children. We lack jurisdiction over this claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005); 8 U.S.C. § 1252(a)(2)(B)(i). Although we retain jurisdiction over colorable questions of law and constitutional claims, 8 U.S.C. § 1252(a)(2)(D), Martinez-Rivas's arguments the IJ failed to give sufficient weight to his evidence or based its decision on conjecture are not supported by the record. *See Martinez-Rosas*, 424 F.3d at 930 ("To be colorable in this context, . . . the claim must have some possible validity.") (internal quotation marks omitted). We therefore dismiss this part of the petition.

**PETITION DENIED IN PART, DISMISSED IN PART.**